**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| **KIMBERLY ACHORS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CASE NO: 1:15-cv-2052-SEB-MPB** |
| | ) |
| **FCA US, LLC d/b/a** | ) |
| **KOKOMO TRANSMISSION PLANT,** | ) |
| | ) |
| **Defendant.** | ) |

**PLAINTIFF'S MOTION FOR AN ORDER TO APPEAR FOR DEPOSITION,
CIVIL CONTEMPT AND SANCTIONS AGAINST YVONNE DEAN FOR
ATTEMPTING TO EVADE SERVICE
AND NON-COMPLIANCE WITH SUBPOENA**

Plaintiff, Kimberly Achors, by counsel, moves that the Court find Yvonne Dean in

contempt for attempting to evade service and failing to comply with a subpoena for her

appearance at deposition, and in support states:

1.      The undersigned counsel prepared a Subpoena for Yvonne Dean (improperly

styled as "Yolanda Dean"), an hourly union employee at Defendant, to appear for Deposition on

December 2, 2016 (Exhibit "1").  As a courtesy, Defendant delivered the subpoena to Dean at

work at the Kokomo Transmission Plant, but would not vouch for service of the subpoena.  Dean

did not appear for deposition.

2.      The undersigned counsel prepared a second Subpoena for Yvonne Dean's

attendance at Deposition on January 27, 2017 (Exhibit "2"), and sent it to Dean's residence by

certified mail, return receipt requested.  The mailing was returned refused, and stated "does not

live here" on it. (Exhibit "3").  Dean lives at the residence to which the subpoena was addressed.

3.     On January 27, 2017, counsel prepared a subpoena for Yvonne Dean's attendance at deposition on February 13, 2017.  (Exhibit "4").  The process server attempted service multiple times, beginning on February 2, 2017.  On February 11, 2017, after no one answered the door, the process sever taped the subpoena on the door of Ms. Dean's residence and sent a copy by regular mail.  The affidavit of the process server is attached as Exhibit "5."

4.     The process server's affidavit shows that Ms. Dean was attempting to evade service, as neither she nor other residents who were in the residence would come to the door when the process server knocked.

5.     Ms. Dean did not appear for deposition on February 13, 2017.  The *Certificate of Notary as to Failure of Deponent Yvonne Dean to Appear for Deposition Pursuant to Notice and Subpoena* is attached hereto as Exhibit "6."

6.     As a result of Ms. Dean's non-compliance with the subpoena for her attendance at deposition on February 13, Plaintiff seeks an order that Dean appear for a rescheduled deposition on March 10, 2017 at 2:00 p.m., finding Dean in contempt of the court for her noncomplaiance and attempts to evade service, and awarding sanctions to Plaintiff in the form of an award of reasonable attorneys' fees.

7.     Contempt is a unique civil sanction because its aim is both coercive and compensatory. *Prima Tek, LLC v. Klerk's Plastic Industries, B. V., et. al.*, 525 F.3d 533, 542 (7th Cir. 2008); *see United States v. United Mine Workers*, 330 U.S. 258, 303-304 (1947).  A district court may secure compliance with its own decrees in civil contempt proceedings. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993).  The Supreme Court has held that "civil. . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses  or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*,

336 U.S. 187, 191 (1949). "To hold a party or witness in civil contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party. . .in contempt violated." *Jones v. Lincoln Electric Co.*, 188 F.3d 709, 738 (7th Cir. 1999).

8.      Federal Rule of Civil Procedure 45(g) provides that a court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.

9.      In a civil contempt proceeding, the sanction imposed by the Court can be compensatory and/or coercive in nature. *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947); *In re Chase & Sanborn Corp.*, 872 F.2d 397, 401 (Fed. Cir. 1989). A civil contempt penalty which is compensatory in nature is awarded to the party injured by the contempt. *Id.* A civil contempt penalty which is coercive in nature is payable to the Court. *See Chase & Sanborn*, 872 F.2d at 401; *Susie J. Alexander, et. al. v. Chicago Park District*, 1990 U.S. Dist. LEXIS 4299, *2 (N. D. Ill. 1990). "'[A] court may, at its discretion, order reimbursement of the complainant as part of the civil relief, of the party's fees and expenses incurred in bringing the violation to the court's attention.'" *South Suburban Housing Center v. Berry*, 186 F.3d 851, 855 (7th Cir. 1999)(quoting *Commodity Futures Trading Commission v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981).

10.     An unsigned subpoena for Ms. Dean's attendance at deposition on March 10 is attached hereto as Exhibit "7" for issuance by the clerk.

11.     Counsel will submit an affidavit of fees upon completion of any proceedings on this motion and/or Dean's appearance at deposition.

WHEREFORE, Plaintiff, by counsel, respectfully requests that the Court issue an order compelling Yvonne Dean to appear for deposition on March 10, 2017 at 2:00 p.m., finding

Yvonne Dean in contempt of the subpoena commanding her to appear at deposition on February 13, and award appropriate sanctions, including an award of attorneys' fees to be determined.

Respectfully Submitted,

/s/Paul A. Logan
John H. Haskin
Paul A. Logan
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street
Indianapolis, Indiana 46204
(317) 955-9500

Attorneys for Plaintiff, Kimberly Achors

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the following counsel for Defendant on this 17th day of February, 2017, via the Court's electronic filing system:

Michael W. Padgett    padgettm@jacksonlewis.com
Melissa K. Taft    melissa.taft@jacksonlewis.com
Jackson Lewis P.C.

I further certify that copy of the foregoing was also placed in the U.S. Mail, addressed to Yvonne Dean, 612 West 6th Street, Marion IN 46953, this 17th day of February, 2017.

s/ Paul A. Logan
Paul A. Logan