UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY ACHORS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:15-cv-02052-SEB-MPB |
| FCA US, LLC doing business as KOKOMO TRANSMISSION PLANT, | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the court on Plaintiff's, Kimberly Achors, *Motion for An Order to Appear for Deposition, Civil Contempt, and Sanctions Against Yvonne Dean for Attempting to Evade Service and Non-Compliance with Subpoena*. ([Docket No. 42](#)). Defendants have advised the Court they do not intend to file an objection.

Plaintiff's counsel has attempted to issue three separate subpoenas to appear at a deposition for Yvonne Dean, an hourly union employee at FCA US, LLC, d/b/a Kokomo Transmission Plant. ([Docket No. 42](#)). Initially, Defendant delivered the subpoena to Dean at work, but would not vouch for service of the subpoena. *Id.* Dean did not appear for the December 2, 2016 deposition. *Id.* Next, Plaintiff's counsel sent a subpoena via certified mail to Dean's residence on January 27, 2017, but it was returned refused, and stated "does not live here." ([Docket No. 42-3](#)). Finally, on January 27, 2017, Plaintiff's counsel prepared a subpoena for Dean's attendance at a February 13, 2017, deposition, which the process server attempted to serve on several attempts from February 2, 2017 to February 11, 2017, when the server taped the subpoena to Ms. Dean's residence and sent a copy by regular mail. ([Docket No. 42 at ECF p. 2](#)).

Ms. Dean did not appear for the February 13, 2017, deposition. *Id.* Thus, Plaintiff seeks an entry ordering Dean appear for a rescheduled deposition on March 10, 2017, at 2:00 p.m., finding Dean in contempt of court for her noncompliance and attempts to evade service, and awarding sanctions to Plaintiff in the form of reasonable attorneys' fees.

Federal Rule of Civil Procedure 45(g) states that the court for the district where compliance is required "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. Rule 45(g). "To prevail on a request for contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order set forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply." *United States S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

The Court recognizes that Dean has failed to respond to Plaintiff's previous subpoenas. Nevertheless, the Court declines to find Dean in contempt at this time. Although Plaintiff "was not *required* to first obtain a court order compelling compliance with its subpoenas before initiating contempt proceedings, . . . the more prudent practice for the court is to issue such an order before entertaining a motion for contempt." *Id.* at 694 (emphasis in original). Plaintiff's request to hold Dean in contempt is denied without prejudice to renewal.

For these reasons, Kimberly Achor's motion is **GRANTED in part and DENIED in part, without prejudice.** Yvonne Dean shall appear at the time and date set forth in the Subpoena attached as an exhibit to this Order. The Clerk of the Court is directed to issue the

Subpoena. Plaintiff's requests for a finding of contempt and for reasonable attorneys' fees are **DENIED without prejudice** to renewal if Dean fails to comply with this Order.

**SO ORDERED.**

Dated: 2/24/2017

Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.