UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY ACHORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:15-cv-2052-SEB-MPB |
| | ) |
| FCA US, LLC d/b/a | ) |
| KOKOMO TRANSMISSION PLANT, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RENEWED MOTION FOR AN ORDER TO APPEAR FOR
DEPOSITION, CIVIL CONTEMPT AND SANCTIONS
AGAINST YVONNE DEAN FOR EVADING SERVICE
AND NON-COMPLIANCE WITH SUBPOENA**

Plaintiff, Kimberly Achors, by counsel, moves that the Court find Yvonne Dean in contempt for evading service and failing to comply with a subpoena for her appearance at deposition, and in support states:

1. Plaintiff previously filed a motion for an order that Yvonne Dean appear for deposition, that the Court find her in contempt for attempting to evade service and not appearing for her deposition on three occasions. (ECF No. 42).

2. On February 24, 2017, this Court ordered Ms. Dean appear for a rescheduled deposition on March 10, 2017 at 2:00 p.m., and the clerk issued a subpoena for Dean attendance at that date and time. (ECF No. 43). The undersigned mailed copies of the Court's order and subpoena to Dean by regular U.S. Mail.

3. A process server attempted service multiple times, beginning on February 28, 2017. On February 28, the process server saw Ms. Dean entering the residence prior to knocking

on the door. Ms. Dean's daughter stated that her mother was not home. On March 7, 2017, after no one answered the door, the process sever taped the subpoena on the door of Ms. Dean's residence and sent a copy by regular mail. The affidavit of the process server is attached as Exhibit "1."

4. Ms. Dean again failed to appear for her deposition on March 10.

5. As a result of Ms. Dean's non-compliance with the subpoena for her attendance at deposition on March 10, Plaintiff seeks an order that Dean appear for a rescheduled deposition on March 31, 2017 at 2:00 p.m., finding Dean in contempt of the court for her noncompliance and attempts to evade service, and awarding sanctions to Plaintiff in the form of a body attachment and/or an award of reasonable attorneys' fees.

6. Contempt is a unique civil sanction because its aim is both coercive and compensatory. *Prima Tek, LLC v. Klerk's Plastic Industries, B. V., et. al.*, 525 F.3d 533, 542 (7th Cir. 2008); *see United States v. United Mine Workers*, 330 U.S. 258, 303-304 (1947). A district court may secure compliance with its own decrees in civil contempt proceedings. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993). The Supreme Court has held that "civil. . . contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). "To hold a party or witness in civil contempt, the district court must be able to point to a decree from the court which sets forth in specific detail an unequivocal command which the party. . .in contempt violated." *Jones v. Lincoln Electric Co.*, 188 F.3d 709, 738 (7th Cir. 1999).

7. Federal Rule of Civil Procedure 45(g) provides that a court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.

8. In a civil contempt proceeding, the sanction imposed by the Court can be compensatory and/or coercive in nature. *United States v. United Mine Workers of America*, 330 U.S. 258, 304 (1947); *In re Chase & Sanborn Corp.*, 872 F.2d 397, 401 (Fed. Cir. 1989). A civil contempt penalty which is compensatory in nature is awarded to the party injured by the contempt. *Id*. A civil contempt penalty which is coercive in nature is payable to the Court. *See Chase & Sanborn*, 872 F.2d at 401; *Susie J. Alexander, et. al. v. Chicago Park District*, 1990 U.S. Dist. LEXIS 4299, *2 (N. D. Ill. 1990). "'[A] court may, at its discretion, order reimbursement of the complainant as part of the civil relief, of the party's fees and expenses incurred in bringing the violation to the court's attention.'" *South Suburban Housing Center v. Berry*, 186 F.3d 851, 855 (7th Cir. 1999)(quoting *Commodity Futures Trading Commission v. Premex, Inc.*, 655 F.2d 779, 785 (7th Cir. 1981).

9. An unsigned subpoena for Ms. Dean's attendance at deposition on March 31 is attached hereto as Exhibit "2" for issuance by the clerk.

10. In the alternative, a proposed order for the attachment of Ms. Dean for deposition is attached hereto as Exhibit "3."

11. Counsel will submit an affidavit of fees upon completion of any proceedings on this motion and/or Dean's appearance at deposition.

WHEREFORE, Plaintiff, by counsel, respectfully requests that the Court issue an order compelling Yvonne Dean to appear for deposition on March 31, 2017 at 2:00 p.m., finding Yvonne Dean in contempt of the subpoena commanding her to appear at deposition on March 10, and award appropriate sanctions, including an award of attorneys' fees to be determined.

Respectfully Submitted,

*/s/Paul A. Logan*
John H. Haskin
Paul A. Logan
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street
Indianapolis, Indiana 46204
(317) 955-9500

Attorneys for Plaintiff, Kimberly Achors

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the following counsel for Defendant on this 20th day of March, 2017, via the Court's electronic filing system:

Michael W. Padgett  padgettm@jacksonlewis.com
Melissa K. Taft  melissa.taft@jacksonlewis.com
Jackson Lewis P.C.

I further certify that copy of the foregoing was also placed in the U.S. Mail, addressed to Yvonne Dean, 612 West 6th Street, Marion IN 46953, this 20th day of March, 2017.

*s/ Paul A. Logan*
Paul A. Logan