UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KIMBERLY ACHORS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15-cv-02052-SEB-MPB |
| | ) |
| FCA US, LLC | ) |
| d/b/a KOKOMO TRANSMISSION PLANT, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Yvonne Dean, | ) |
| | ) |
| Miscellaneous. | ) |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED MOTION FOR SANCTIONS AGAINST YVONNE DEAN FOR EVADING SERVICE AND NON-COMPLIANCE WITH SUBPOENA**

**I. Introduction**

Plaintiff Kimberly Achors filed a renewed motion for sanctions against non-party Yvonne Dean for her attempts to evade service and her non-compliance with subpoenas served upon her. (Docket No. 61). Plaintiff argues that Ms. Dean did not appear for subpoenaed depositions, attempted to evade service, ignored a court order compelling her to attend a deposition and failed to appear at a show cause hearing, before finally appearing pursuant to a writ executed by the U.S. Marshal. (Docket No. 61 at ECF pp. 1-2). Plaintiff's counsel seeks payment for the attorney fees and costs associated with these events and with the corresponding motions filed in an attempt to compel Ms. Dean's attendance at her deposition. In all, counsel seeks $8,985 in attorney's fees and $448.40 in costs, for total sanctions of $9,433.40. (Docket No. 61 at ECF p. 4). With the benefit of briefing and the Magistrate Judge's April 12, 2017,

Show Cause hearing, the undersigned recommends Plaintiff's motion to show cause ([Docket No. 61](#)) be granted in part and denied in part.[1]

## II. Background

On February 17, 2017, Plaintiff moved that Ms. Dean be found in contempt for attempting to evade service and failing to comply with subpoenas. ([Docket No. 42](#)). In that motion, Plaintiff provided evidence of three separate subpoenas for Ms. Dean to appear at a deposition. On November 21, 2016, Plaintiff issued a subpoena to Ms. Dean, via delivery at her place of work—FCA US, LLC, d/b/a Kokomo Transmission Plant ("Defendant")—for a December 2, 2016, deposition. ([Docket No. 42-1](#)). While Defendant delivered the subpoena to Dean at work, it would not vouch for the service of the subpoena. Dean did not appear for the December 2, 2016, deposition. Next, Plaintiff's counsel sent a subpoena via certified mail to Dean's residence[2] on January 11, 2017, for a January 27 deposition, but it was returned refused, and stated "Does not live here."[3] ([Docket No. 42-2](#); [Docket No. 42-3](#)). Plaintiff's counsel obtained this address from Defendant, Ms. Dean's employer, and after receiving the "returned refused" subpoena confirmed with Defendant that it was the only address that it had for Ms. Dean. ([Docket No. 68](#); [Docket No. 70](#)). On January 27, 2017, Plaintiff's counsel prepared a subpoena for Dean's attendance at a February 13, 2017, deposition, which the process server

---

[1] On September 29, 2017, Defendant's Motion for Summary Judgment was granted as to all of Plaintiff's claims ([Docket No. 73](#)), thus resolving the case. ([Docket No. 74](#)). On October 3, 2017, Plaintiff filed a Motion for Ruling on Pending Motion for Sanctions ([Docket No. 75](#)), requesting that the Court provide a ruling on the instant motion. Therefore, the undersigned recommends that in conjunction with an Order on this report and recommendation, Plaintiff's Motion for Ruling on Pending Motion for Sanctions ([Docket No. 75](#)) be denied as moot.

[2] References to Ms. Dean's residence means the following address: 612 W 6th St., Marion, IN 46953.

[3] This subpoena request, as well as the one delivered to Ms. Dean at work, were improperly titled to "Yolanda Dean." ([Docket No. 42-1](#); [Docket No. 42-2](#)).

attempted to serve on several occasions from February 2 to February 11, 2017, when the server taped the subpoena to Ms. Dean's residence and sent a copy by regular mail. ([Docket No. 42-4](); [Docket No. 42-5]()). During the process server's attempts, two different neighbors confirmed Yvonne Dean lived at the address and one household member confirmed that Yvonne would be off work at 5:30 p.m. ([Docket No. 42-5]()). She did not appear for the February 13 deposition.

On February 24, 2017, the Court ordered Ms. Dean appear on March 10, 2017, in accordance with the subpoena attached to the Order, and denied Plaintiff's motion holding Ms. Dean in contempt without prejudice to renewal. ([Docket No. 43]()). This Order was mailed to Ms. Dean's residence and service was attempted by a process server—who eventually nailed the Order to Ms. Dean's front door and, again, mailed the documents. ([Docket No. 46]()).

After Ms. Dean failed to appear for the March 10, 2017, deposition, Plaintiff renewed her motion for sanctions. ([Docket No. 46]()). On April 3, 2017, the Court issued an Order to Show Cause, ordering Ms. Dean to appear personally before the court on April 11, 2017. ([Docket No. 51]()). That order further advised failure to personally appear as commanded by the Order would result in a writ of body attachment. *Id.* The Clerk of the Court sent a copy of the Order via U.S. mail and service was, once again, made by Plaintiff. ([Docket No. 54]()). When Ms. Dean also failed to appear for the show cause hearing, the Court issued a writ of body attachment. ([Docket No. 56](); [Docket No. 57]()).

On April 12, 2017, Dean appeared before this Court pursuant to the writ executed by the U.S. Marshal. ([Docket No. 58]()). During that proceeding, Ms. Dean confirmed to the Court that her current address is 612 West 6th Street, Marion, Indiana, 46953, where she resides at least at

times.[4] Following that hearing, Plaintiff was able to conduct its deposition of Ms. Dean and the Court granted leave for Plaintiff to renew its request of awards for sanctions in the form of reasonable attorney fees by written motion. (Docket No. 58). The instant motion was then filed.

**III. Discussion**

  *a. Applicable Law*

It is within the Court's discretion to enter a finding of civil contempt. *Bailey v. Roob*, 567 F.3d 930, 933 (7th Cir. 2009). For the Court to find contempt, the moving party must establish by clear and convincing evidence that (1) there was an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant; and (4) the alleged contemnor did not make a reasonable and diligent effort to comply. *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). A violation is significant if the alleged contemnor did not substantially comply with the order. *Id.* An alleged contemnor that willfully refused to comply with a court order or failed to be reasonably diligent in attempting to accomplish the command will be found in contempt. *Bailey*, 567 F.3d at 935.[5]

Under Federal Rule of Civil Procedure 45(g), a nonparty may be held in contempt if the nonparty "who, having been served, fails without adequate excuse to obey a subpoena or an order related to it." Subpoena service is governed by Rule 45, which states in pertinent part that "[s]erving a subpoena requires delivering a copy to the named person and . . . tendering the fees

---

[4] The Court indicated it ordered Ms. Dean appear at a March 10, 2017, deposition and a subpoena was issued for Ms. Dean's attendance, with a copy mailed to 612 West 6th Street. The Court then asked Ms. Dean "is that your address," to which Ms. Dean replied "When I'm home." (April 12, 2017, Court Transcript 2:06:23).

[5] Ms. Dean cites the requirements of obtaining attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A) as part of the standard. FRCP 37 provides guidance for awarding "reasonable expenses incurred in making the motion [to compel]" and does not provide guidance for civil contempt sanctions, generally.

4

for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). Additionally, service via certified mail through the United State Postal Service (USPS) can suffice. *See Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012). When delivery options other than USPS certified mail or personal service are used, however, courts within the Seventh Circuit must determine if the method was a "sensible option" that satisfies the requirement of "delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). In order to do so, courts have looked to other service provisions of the Federal Rules of Civil Procedure to determine what will suffice for service of a subpoena under Rule 45. However, even when other rules are used as a point of reference for interpretation, it is imperative that courts heed the more restrictive requirements of Rule 45, such as simultaneous delivery of applicable fees. Fed. R. Civ. P. 45(b)(1); *see Doe v. Hersemann*, 155 F.R.D. 630, 631 (N.D. Ind. 1994).

    b. *Sanctions Finding*

Plaintiff seeks attorney fees and costs for activities from January 25 to February 13, 2017, in which time three subpoenas were served on Ms. Dean (first, sent by Defendant; second, sent by certified mail; third, sent via process server) and Ms. Dean failed to appear for two depositions (first, December 2, 2016 and second, February 13, 2017). (Docket No. 61-1 at ECF pp. 1-2).

Not only did Defendant's not "vouch" for service of the first subpoena, but it was also delivered by a party, was addressed improperly to Yolanda Dean, not Yvonne, and there is no evidence that the necessary witness fees were included—therefore, it does not meet the requirements of Rule 45 to constitute a served subpoena. The second, sent by certified mail, did include the necessary witness fees, but was improperly addressed to "Yolanda Dean" and not Yvonne. (Docket No. 42-2). This attempt was returned, stating "does not live here." Given the

5

subpoena request was addressed to the wrong individual, again, the subpoena was not properly served on Ms. Dean nor can she be held in contempt for failure to appear pursuant to this subpoena. Fed. R. Civ. P. 45(g). In fact, Plaintiff's counsel uses the mistaken name as support for why he continued to send subpoenas to Ms. Dean's residence, despite receiving notice that a Yolanda "does not live here." (Docket No. 70 at ECF p. 3). Counsel cannot use this occurrence to excuse his future subpoenas, but also to require Ms. Dean to pay for an improperly named subpoena. The third subpoena, sent via a process server, as submitted to the Court did not include the witness fees check, therefore, there is not clear and convincing evidence that it was properly served and it would be improper based on the record to find Ms. Dean in contempt. (Docket No. 42-4; Docket No. 42-5, which the Court notes is an affidavit referencing the subpoena and witness check, but while a copy of the subpoena was enclosed—a copy of the witness check was not). Of course, the Court has no duty to scour the record.

Therefore, sanctions are inappropriate for the attorney's fees and costs associated with the first three subpoena requests and the first two depositions that Ms. Dean did not attend because there is not clear and convincing evidence that Ms. Dean was served within the requirements of Rule 45.

Similarly, the Court does not find sanctions for the costs associated with preparing and filing Plaintiff's Motion for an Order to Appear for Deposition, Civil Contempt and Sanctions Against Yvonne Dean for Attempting to Evade Service and Non-Compliance with Subpoena (Docket No. 42) are appropriate, given the underlying subpoenas' deficiencies. The Magistrate Judge recommends that Ms. Dean should not be held in contempt for the first three subpoenas or the two corresponding depositions nor be sanctioned for Plaintiff's first motion seeking an order compelling Ms. Dean's attendance at a deposition.

On February 24, 2017, the Court Ordered Ms. Dean to appear for a deposition on March 10 as set forth in a Subpoena that it directed the Clerk of the Court to issue (Docket No. 43) and that Plaintiff's counsel mailed to Ms. Dean by regular mail. (Docket No. 46). A process server also attempted service multiple times, again to Ms. Dean's residence, beginning on February 28, 2017 and ending on March 7, 2017, when the process server taped the subpoena on the door of Ms. Dean's residence. (Docket No. 46). Ms. Dean did not appear at the March 10, 2017, deposition in violation of the Court Order. It is notable that this Order included language that the Court would consider an award for reasonable attorneys' fees if Ms. Dean did not comply with that Order—in effect giving notice that ignoring the Order could leave her with financial ramifications. (Docket No. 43 at ECF p. 3).

Ms. Dean's failure to appear meets the requirements for a civil contempt finding, outlined above: (1) the Court issued an unambiguous command that she appear at the March 10, 2017, deposition; (2) Ms. Dean did not appear; (3) which was a significant violation; and (4) she did not make any reasonable attempt to comply. *See* U.S. S.E.C. v. Hyatt, 621 F.3d at 692. Ms. Dean's main argument is that the she had no actual knowledge of the Order, which she argues, according to Hicks v. Feiock, 485 U.S. 624, 628 (1988) is a requirement finding for civil contempt.[6]

---

[6] *Hicks*'s contempt order was issued pursuant to California Civ. Proc. Code Ann. § 1209.5 (West 1982), which required the contemnor be present in court when an order compels a parent to furnish child support and a violation of that order in order to establish prima facie evidence of a contempt of court. Hicks v. Feiock, 485 U.S. 624 (1988). Therefore, actual knowledge of the order was part of the prima facie case, pursuant to the California Civil Procedure Code. Similarly, the Seventh Circuit cited the Fourth Circuit's contempt standard, which includes an element of actual or constructive knowledge of a valid decree—but the Seventh Circuit did not adopt this element in its own test, only adopting the Fourth Circuit's requirement that a valid decree exist for a court to find civil contempt. *See* Bettie Page LLC v. Design Tech. Holding LLC, 2015 WL 1526659, at *11 n.2 (S.D. Ind. April 3, 2015) (*citing* Manez v. Bridgestone Firestone North Am. Tire, LLC, 533 F.3d 578, 590 (7th Cir. 2008)).

On March 20, 2017, Plaintiff filed a second Motion for Sanctions for Nonappearance at Deposition, where it informed the Court that Ms. Dean did not appear for her March 10, 2017, deposition, in violation of the Court Order. ([Docket No. 46](#)). On April 3, 2017, the Court issued an Order to Show Cause, Ordering Ms. Dean to appear personally before the Court on April 11, 2017. The Order indicated that failure to appear would result in a writ of body attachment. ([Docket No. 52](#)). The Order also directed Plaintiff to serve a copy of that Order on Ms. Dean and file proof of such service with the Court, which was done. ([Docket No. 51](#); [Docket No. 54](#)). On April 11, 2017, after Ms. Dean failed to appear at the Show Cause hearing, this Court issued the writ of body attachment and Ms. Dean was brought to the courthouse, pursuant to that writ on April 12, 2017, where her deposition was finally conducted.

Ms. Dean's failure to appear at the Show Cause Hearing also meets the requirements for a civil contempt finding: (1) the Court issued an unambiguous command that she appear at the hearing; (2) Ms. Dean did not appear; (3) which was a significant violation; and (4) she did not make any reasonable attempt to comply. *See* [*U.S. S.E.C. v. Hyatt*, 621 F.3d at 692](#).

During that April 12, 2017, Show Cause Hearing, the Court asked Ms. Dean if she resided at 612 West 6th Street, Marion, Indiana, 46953. ([Docket No. 58](#)). Ms. Dean responded: "When I'm home." Ms. Dean also provided the Court an affidavit in response to Plaintiff's motion for sanctions, where she indicated that she works in Kokomo, IN Monday through Thursday and sometimes Sundays, therefore "the majority of [her] time [she] live[s] with [her] niece" in Kokomo. ([Docket No. 68-2 at ECF p. 1](#), ¶8). She also swore that at least five individuals, all with the same last name as her, presumably relatives, live at or receive mail at the Marion, Indiana, home that she owns. *Id.* at ¶ 9. She also swore that at no time did she receive any mail associated with the above lawsuit and, that if she had, she would have contacted the

8

attorney or the court. *Id.* ¶¶10-11. However, the very motion the affidavit was responding to, Plaintiff's Renewed Motion for Sanctions Against Yvonne Dean, was served in the same manner and to the same address as the Court's previous orders—thus providing doubt that Ms. Dean never received mail nor resided at the Marion address. This doubt is not addressed in Ms. Dean's affidavit, which does not assert that she did not reside at her residence during the above time period nor that she did not receive mail there.

After considering all the allegations before the Court, the undersigned finds Ms. Dean should be held in contempt, but only for violating the Court Orders discussed above and not the earlier subpoenas issued—which appear deficient based on evidence submitted to the Court.

  *c. Appropriate sanctions*

A civil contempt sanction is compensatory rather than punitive. [Heffernan v. American Airlines, Inc., IP01-54-C-Y/K, 2002 WL 318312, at *3 (S.D. Ind. Feb. 28, 2002)](). Civil sanctions purposes are either coercive or, as here, remedial. Remedial sanctions compensate the moving party for losses caused by contemptuous conduct. [U.S. v. Dowell, 257 F.3d 694, 699 (7th Cir. 2001)](). Plaintiff seeks a remedial monetary sanction of $9,433.40 in attorney's fees ($8,985.00) and costs ($448.40) relating to obtaining Ms. Dean's deposition.

As already discussed, a number of these fees and costs—as set forth in Plaintiff's counsel's affidavit, were incurred to issue subpoenas that the undersigned has found insufficient. ([Docket No. 61-1](), ¶¶2, 3). Fees and costs associated with these activities should be denied. Moreover, the Court notes that Plaintiff never attempted to effectuate service to Ms. Dean in any other manner, such as by delivering to her place of work via a non-party adult, permissible under Rule 45(b). While such efforts were not required, the Court does consider the reasonableness of requiring Ms. Dean to pay for the substantial costs Plaintiff seeks when those costs would likely

have been mitigated had Plaintiff considered other service options that may have been more likely to reach Ms. Dean.

The undersigned does note, and appreciates, that Plaintiff's counsel did permit Defendant to deliver one subpoena to Ms. Dean—but also notes it was improperly titled and Defendant would not vouch that it reached Ms. Dean—and that Plaintiff's counsel did leave Ms. Dean a voicemail at a phone number provided by Defendant. However, given the number of subpoenas issued and the fact that the U.S. Marshal's were able to apprehend Ms. Dean at Defendant's facility pursuant to the writ, it appears it would have been prudent to properly attempt to effectuate service at Ms. Dean's place of employment. Thus, Plaintiff's request for reimbursement for the fees and costs associated with the subpoenas Plaintiff issued to Ms. Dean that were not issued in accordance with a Court order should be denied. The undersigned balances these factors and Ms. Dean's status as a non-party witness against the time and resources Plaintiff and the Court expended in order to determine a reasonable sanction.

Having said that, the Magistrate Judge finds it appropriate to award costs to the extent that Plaintiff incurred these costs in complying with the Court's orders.[7] This includes the following costs enumerated in Plaintiff's counsel's affidavit:

1. The costs *only* set forth in paragraph 4 ($65.00 for the services of the process server for the March 10, 2017, deposition ordered by the Court).
2. The costs associated with Dean's failure to appear at the March 10, 2017, deposition as set forth in paragraph 5 ($104.20 for the services of the court reporter).
3. The costs set forth in paragraph 6 ($65.00 for the services of the process server for serving the Order to Show Cause).

---

[7] On the other hand, given that these sanctions are made against a non-party witness as opposed to a party with a bigger vested interest in the case and that witness—as shown by the outcome of Defendant's Summary Judgment motion—was not vital to the success of Plaintiff's case, the Magistrate Judge, in the discretion of the Court, does not find remediation of attorney's fees reasonable.

4. The costs set forth in paragraph 13 ($65.00 for the services of the process server for serving Plaintiff's Renewed Motion for Sanctions Against Yvonne Dean for Evading Service and Non-Compliance with Subpoena)

In total, the undersigned recommends a reasonable award of costs totaling $299.20.

## IV. Conclusion

Ms. Dean violated the Court's February 24, 2017, Order and April 3, 2017, Show Cause Orders. As a result, Plaintiff's Renewed Motion for Sanctions Against Yvonne Dean for Evading Service and Non-Compliance with Subpoena should be granted in part and denied in part. The undersigned recommends: (1) Ms. Dean be held in contempt and (2) the Court award Plaintiff reasonable costs of $299.20 to be paid by Ms. Dean.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure. The Clerk of the Court is **DIRECTED** to mail this Report and Recommendation to Ms. Dean, at the address below.

**SO RECOMMENDED** the 19th day of October, 2017.

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Distribution:

**YVONNE DEAN**
**612 W. 6th Street**
**Marion, IN 46953**

Amber K. Boyd
AMBER BOYD, ATTORNEY AT LAW
amber@amberboydlaw.com

John H. Haskin
JOHN H. HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Paul Anthony Logan
JOHN H. HASKIN & ASSOCIATES
plogan@jhaskinlaw.com

Michael W. Padgett
JACKSON LEWIS P.C. - Indianapolis
padgettm@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS P.C. - Indianapolis
melissa.taft@jacksonlewis.com