UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KIMBERLY ACHORS, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:15-cv-02052-SEB-MPB |
| | ) |
| FCA US, LLC d/b/a | ) |
| KOKOMO TRANSMISSION PLANT, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Kimberly Achors, by counsel, objects to the Magistrate Judge's *Report and Recommendation on Plaintiff's Renewed Motion for Sanctions Against Yvonne Dean for Evading Service and Non-Compliance with Subpoena* [ECF No. 78, hereafter referred to as "*Report and Recommendations*"].

### I. Introduction

This Court denied, without prejudice, Plaintiff's previous motions that non-party Yvonne Dean be found in contempt and for fees and costs due to Dean's non-appearance for depositions. [ECF Nos. 42, 43, 46, and 56]. Plaintiff renewed her motion on April 27, 2017. [ECF No. 61]. The Magistrate Judge issued his *Report and Recommendations* on October 19. [No. 78]. The Magistrate Judge's recitation of the background facts is accurate. There were four occasions from December 2, 2016 through March 10, 2017 upon which Dean failed to appear for depositions for which she had been subpoenaed. [Affidavit of Paul A. Logan, ¶ 1-5; ECF No. 61-1 at 1-2]. On the last occasion, in addition to not complying with the subpoena, Dean also did

not obey this Court's order that she appear. [Renewed Motion, ¶ 4-5; ECF No. 61 at 2]. Additionally, Dean failed to comply with this Court's order to appear for a show cause hearing on April 11, 2017, necessitating issuance of a body attachment and a hearing on April 12, 2017. [ECF 78 at 3].

Plaintiff does not object to the Magistrate's recommendation that the Court deny his request for costs and fees as to subpoenas served upon Dean for two depositions which were to be held on December 2, 2016 and January 27, 2017. She does, however, object to the recommendation that her request be denied as to the subpoena served upon Dean for deposition to be held on February 13, 2017, and the recommendation that the Court deny her request for attorneys' fees incurred in the subpoenas that were associated with this Court's orders.

**II. Discussion**

The Magistrate recommends the Court deny Plaintiff's motion as to Dean's non-compliance with a subpoena for deposition on February 13 because it found there was not clear and convincing evidence that the subpoena was properly served as Plaintiff's motion did not include a copy of the witness check. [ECF No. 78 at 6]. The Magistrate finds that the process server's affidavit references the witness check, and that she served the subpoena by taping it to Ms. Dean's residence and sending a copy my regular mail, a process known as "nail and mail." *Id*. In fact, the process server swears that she attempted delivery of the subpoena and witness check, and eventually nailed and mailed the subpoena and witness fee check. [No. 42-5: 2/11/17, "N+M"]. The process server further confirmed to the undersigned that the check was included with the subpoena. (Exhibit 1 hereto). This is clear and convincing evidence that the subpoena for Dean's deposition scheduled for February 13, 2017 was properly served and included the

2

witness check. Ms. Dean should be held in contempt for violating the subpoena for her deposition on February 13, 2017.

Plaintiff's motion should be granted as to two hours in fees incurred to preparing the subpoena for Dean's deposition on February 13, communicating with the process server, and notifying and engaging the services of a court reporter, who certified Dean's failure to appear. [Affidavit ¶ 2-3; ECF No. 61-1 at 2].[1] The fees incurred due to Dean's non-appearance on February 13 total $800, and the costs total $149.20.

The Magistrate finds that Ms. Dean should be held in contempt for violating Court Orders (regarding Ms. Dean's March 10 deposition, the Court's Order to Show Cause, and service of Plaintiff's *Renewed Motion for Sanctions)*. [ECF No. 78 at 9]. The Plaintiff does not object to the Magistrate's recommendation that Ms. Dean be held in contempt due to violating Court Orders. She does object to the amount of sanctions that should be imposed.

In making his recommendation that the Court award only costs totaling $299.20, and not any of the attorney's fees incurred in seeking to compel Ms. Dean's appearance for deposition, the Magistrate considers the reasonableness of requiring Dean to pay the costs Plaintiff seeks "when those costs would likely have been mitigated had Plaintiff considered other service options that may have been more likely to reach Ms. Dean ... such as by delivering to her place of work via a non-party adult, permissible under Rule 45(b)." [ECF No. 78 at 9, 10]. Counsel for the parties previously discussed this alternative before Magistrate Brookman, and counsel for

---

[1] Counsel's affidavit breaks down 2.2 hours in conducting activities from January 25 to February 7, 2017, and one hour for appearing for the deposition on February 13, resulting in the court reporter's certificate of her failure to appear. [No. 61-1, ¶ 2-3]. Counsel now represents that he expended one hour in scheduling and preparing the subpoena for the February 13 deposition, in addition to the hour appearing for that deposition.

3

Defendant confirmed that Defendant would not permit a process server on site, as noted in Plaintiff's *Reply*. (ECF No. 70 at 3, ¶ 7; See also Exhibit "2" hereto). Plaintiff did not have an opportunity to serve Ms. Dean at work, and therefore had no opportunity to mitigate costs associated with attempts to compel Dean's attendance at deposition thereby. The attorney's fees that Plaintiff incurred in attempts to compel Ms. Dean's attendance for deposition associated with this Court's orders should be awarded as a sanction against Ms. Dean.

The Magistrate also notes that Dean was not vital to the outcome of Defendant's Summary Judgment motion and therefore not vital to the success of Plaintiff's case, supporting his finding that remediation of attorney's fees would not be reasonable. [ECF NO. 78 at 10, n.7]. Plaintiff objects to the Magistrate's conclusion regarding the importance of Dean to her case. While not important to the issues eventually before the Court on Summary Judgment, Dean was an absolutely *crucial* witness to Plaintiff's overall case, particularly those claims relating to her termination, which she was forced to abandon only after finally having the opportunity to depose Dean. [ECF No. 60 at 1, n.1].

Dean's accusation against Plaintiff, which led to her termination, occurred less than a month *after* Plaintiff hired counsel to pursue her claims in this case. [ECF No. 35 at 11]. Plaintiff believes, and continues to believe, that Dean's accusation was a set-up after Defendant heard that Dean had hired counsel and was preparing to initiate this case with the filing of a charge of discrimination with the Equal Employment Opportunity Commission. [ECF No. 35 at 13; No. 1 at 5]. Plaintiff could not find evidence of a set-up, but would not, for obvious reasons, abandon the claims regarding her termination until Dean was deposed. The Court's determination of the importance of Dean's deposition to Plaintiff's case should not be decisive to

her request for fees incurred in efforts to have Dean comply with this Court's orders. If the importance of Dean's deposition to Plaintiff's case is to be considered, it should be considered a reason in favor of imposing those fees upon Dean for her contempt of this Court's orders.

Plaintiff's motion should be therefore granted as to 16.1 hours in attorney's fees incurred from February 16 through April 12, 2017. [Affidavit of Paul Logan, ¶ 4-8; ECF No. 61-1 at 2-3]. The fees incurred due service of and Dean's violations of this Court's orders total $6440.

**III. Conclusion**

Plaintiff therefore respectfully requests that the Court ACCEPT the Magistrate's recommendation that Dean be found in contempt for violating this Court's Orders, and his recommendation that Dean be ordered to pay $299.20 in costs Plaintiff's incurred in connection therewith, as enumerated in Plaintiff counsel's affidavit.

Plaintiff respectfully requests that the Court REJECT the Magistrate's recommendation that Dean should not be held in contempt for violating the subpoena for Dean's deposition scheduled for February 13, 2017, and instead find Dean in contempt for violating that subpoena, and award as a sanction therefore Plaintiff's fees of $800, and the costs $149.20.

Plaintiff respectfully requests the Court MODIFY the Magistrate's recommendation as to the appropriate sanction to be imposed against Dean for her contempt of this Court's orders. In addition to the $299.20 the Magistrate recommends as a sanction against Dean for her contempt of this Court's orders, the Court should award Plaintiff's attorney's fees in the amount of $6440.

                                            Respectfully Submitted,

                                            */s/Paul A. Logan*
                                            John H. Haskin
                                            Paul A. Logan

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on the following counsel for Defendant on this 3rd day of November, 2017, via the Court's electronic filing system:

Michael W. Padgett     padgettm@jacksonlewis.com
Melissa K. Taft     melissa.taft@jacksonlewis.com
Jackson Lewis P.C.

Amber Boyd     amber@amberboydlaw.com

                                               *s/ Paul A. Logan*
                                               Paul A. Logan

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street
Indianapolis, Indiana 46204
(317) 955-9500

Attorneys for Plaintiff, Kimberly Achors