YesUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIMBERLY ACHORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-2052-SEB-MPB |
| | ) | |
| FCA US, LLC, | ) | |
| d/b/a/ Kokomo Transmission Plant, | ) | |
| | ) | |
| Defendant. | | |

**ORDER ADOPTING AND AFFIRMING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S RENEWED MOTION FOR SANCTIONS**

This case is before the court on a renewed motion for sanctions and a contempt finding filed by Plaintiff Kimberly Achors ("Achors") against non-party to this action, Yvonne Dean ("Dean"), for her failure to appear for several depositions for which she was subpoenaed and for her non-compliance with orders issued by this Court in connection with this litigation.[1] Dkt. No. 61. Achors's motions were referred to Magistrate Judge Matthew Brookman for issuance of a recommended decision. On October 19, 2017, Magistrate Judge Brookman issued a Report and Recommendation ("R&R") that Achors's motions be granted in part and denied in part, including the following specific recommendations: 1) Dean be held in contempt; and 2) Achors be awarded costs totaling $299.20 to be paid by Dean. Dkt. No. 78. We now address

---

[1] This Court denied, without prejudice, Achors's previous motions. Dkt. Nos. 42, 43, 46, 56.

1

Achors's November 3, 2017 objections to the Magistrate Judge's R&R ("Pl.'s Obj.").[2] Dkt. No. 79. Defendant FCA US, LLC (d/b/a Kokomo Transmission Plant) ("FCA") has not responded. For the reasons detailed in this entry, we ADOPT the Magistrate Judge's recommendation to GRANT IN PART and DENY IN PART Achors's Motion for Sanctions Against Dean.

## Background[3]

Achors initially brought this action against her former employer, Defendant FCA, alleging that it committed violations of the Americans with Disabilities Act. Dean is one of Defendant's hourly union employees whom Achors sought to depose. Dkt. No. 42 at 1.While the litigation was pending, Achors filed motions requesting that Dean be found in contempt and be held liable for fees and costs due to non-appearance at depositions to be held on December 2, 2016, January 27, 2017, February 13, 2017, and March 13, 2017, for which she had been subpoenaed, and for failure to comply with this Court's February 24, 2017, order that she appear for the March 2017 deposition, and its April 3, 2017 order

---

[2] The parties were notified that failure to object to Magistrate Judge Brookman's October 19, 2017 R&R within 14 days after service would constitute a waiver of any objections. Dkt. No. 78 at 11; 28 U.S.C. § 636(b)(1); *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). Objections to the R&R were due by November 2, 2017. We note that Achors filed her objections one day late. We have chosen to consider them as an exercise of judicial discretion. *See Buggs v. Elgin, Joliet & E. Ry. Co.,* 852 F.2d 318, 322 (7th Cir. 1988) (explaining that a trial court has the discretion to accept late-filed documents).

[3] Because the factual background giving rise to Achors's motions are sufficiently laid out in the Magistrate Judge's R&R (Dkt. No. 78 at 2-4), and because Achors does not object to any aspect of said recitation (Dkt. No. 79 at 1), we need not reiterate them in full here. We recount facts only as necessary to address Achors's objections to the R&R.

that Dean appear for a show cause hearing.[4] Dkt. Nos. 42, 43, 46, 56. This Court denied Achors's motions without prejudice, and Achors renewed them on April 27, 2017. Dkt. No. 61. On October 3, 2017, she filed an additional motion requesting a ruling on the pending motions. Dkt. No. 75.

In the R&R issued on October 19, 2017, the Magistrate Judge recommended that the court deny Achors's requests for fees and costs associated with Dean's non-compliance with subpoenas for depositions scheduled for December 2, 2016, January 27, 2017, and February 13, 2017. R&R at 5-6. Specifically, he found that there was no clear and convincing evidence that the subpoenas and witness checks complied with the requirements of Federal Rule of Civil Procedure 45, the controlling procedure. R&R at 6. Similarly, given these underlying deficiencies, the Magistrate Judge deemed inappropriate an award of attorney's fees for work performed in conjunction with issuing the subpoenas. *Id*. Further, the Magistrate Judge found that Dean should be held in contempt for violating the February 24, 2017 order to appear for the March 2017 deposition, and the April 3, 2017 show cause order, because both were shown to have satisfied the requirements. *Id.* at 7-9.

Addressing Achors's related sanctions request, the Magistrate Judge recommended that Achors be awarded $299.20 in reasonable costs. *Id.* at 7-9. He denied her request for attorney's fees incurred in seeking to compel Dean's appearance for depositions because Dean did not have a vital role in the outcome of this litigation. *Id.* at

---

[4] This Court ultimately resolved the case on September 29, 2017, by granting FCA's Motion for Summary Judgment as to all of Achors's claims. Dkt. No. 73.

9-10. Finally, because the issues raised in Achors's most recent (October 3, 2017) motion had been addressed in disposing of Achors's previously-filed sanctions and contempt motions, the Magistrate Judge recommended that the October 3, 2017 motion (Dkt. No. 75) be denied as moot. Achors's objection to the findings and recommendations in the R&R followed.

## Standard of Review

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made. *See* Fed. Rule Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.* When no objection is made to a portion of the report, the district judge subjects that portion of the report to a clear error review. *Id.* When performing such a review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.;see Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009). We address below the issues regarding which objections have been interposed, finding "no clear error" with regard to the Magistrate Judge's findings in all other respects.

## Discussion

**I. Achors's first objection--Denial of costs and fees associated with the subpoena for Dean's appearance at the February 13, 2017 deposition**

First, Achors objects to the Magistrate Judge's recommendation that the Court deny her request for fees and costs associated with the subpoena served on Dean for the

February 13, 2017 deposition. Achors notes that the service processor's February 11, 2017, affidavit indicated that after she unsuccessfully attempted service of the subpoena and witness check on four occasions, she chose to "nail and mail"[5] them. Pl.'s Obj. at 3 (citing Dkt. No. 42-5). Achors also attaches as an exhibit to her objection a February 27, 2017 email exchange between the service processor and Achors's counsel indicating that the witness check was also left with the February 11, 2017 posting to Dean's door. Pl.'s Obj. Ex. 1. All of this, Achors says, is evidence of proper service. According to her, the additional fees requested due to Dean's non-appearance for the February 13, 2017 deposition ($800), along with costs totaling $149.20, are thus warranted. Pl.'s Obj. at 3. We disagree.

As the Magistrate Judge articulated (R&R at 4), service of a subpoena is governed by Federal Rule of Civil Procedure 45, which states in relevant part that such service "requires delivering a copy to the named person and . . . tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). The Magistrate Judge noted that service by certified mail through the U.S. Postal Service will suffice. R&R. at 5 (citing *Ott v. City of Milwaukee*, 682 F.3d 552, 557 (7th Cir. 2012)). Further, he underscored that when a method other than personal service or certified mail are used, courts must determine whether such method is a "sensible option" that satisfies the requirement of "delivering a copy to the named person." *Id.* (citing F.R. Civ. P. 45(b)(1)). To conduct this analysis, noted the Magistrate Judge, courts look to other

---

[5] "Nail and Mail" means that a copy is left at the service location, with a second copy sent in the mail. Dkt. No. 45, Ex. 2.

provisions within the Federal Rules of Civil Procedure that involve service, all the while hewing to the more restrictive requirements of Rule 45. *Id*. (citing F.R. Civ.. P. 45(b)(1); *Doe v. Hersemann*, 155 F.R.D. 630, 630 (1994)).

Here, contrary to Achors's argument, the evidence she cites does not clearly show that the subpoena for the February 13, 2017 deposition and witness check were properly served which would justify an award of fees and additional costs. Without citing any authority, Achors simply assumes that the "nail and mail" procedure used by the process server complied with Federal Rule of Civil Procedure 45(b)(1). *See* Pl.'s Obj. at 3. As the Magistrate Judge acknowledged, use of certified mail is an acceptable alternative method of service (R&R at 50, but there is no evidence adduced here showing that Achors's process server used certified mail.

Further, the opinion of one district court within the Seventh Circuit undermines her argument that the "nail and mail" method was sufficient. In *Doe,* a Wisconsin district court also addressed service of a subpoena noting that "abode service, where a document is left at the served individual's dwelling, would not assure delivery to the person." *Doe,* 155 F.R.D. at 630. Considering the description of personal service in the summons and complaint context outlined in Federal Rules of Civil Procedure 4(e)(1), the *Doe* Court also noted that "Rule 45(b)(1) is more narrow than Rule 4(e) as to how notification by service can take place," and held that "abode service" would not ensure proper service upon an individual. *Doe*, 155 F.R.D. at 631. Achors admits that her process server used a method similar to abode service—posting the subpoena and check to the door (while also mailing a copy). Pl.'s Obj. at 2-3; Pl.'s Ex. 1. Similarly, the nail and mail method would

6

not satisfy even Federal Rule of Civil Procedure 4, which requires that a document be left "with someone of suitable age and discretion who resides [at the location]." Fed. R. Civ. P. 4(e)(2)(B). These factors bolster Magistrate Judge Brookman's finding that Achors's service of the subpoena and witness check on Dean by "nail and mail" was insufficient under Federal Rule of Civil Procedure 45.

Finally, Achors points to an affidavit executed by the process server of the subpoena and witness check for the February 2017 as support for her argument that the witness check was properly served. This evidence, while not available to the Magistrate Judge, confirms that the witness check was not served using an acceptable method. *See* Pl.'s Obj., Ex. 1 ("[t]he checks from the last serv[ice], she received when we posted to the door. We do not have them. This serve [sic] was posted to Yvonne [Dean]'s door."). Lacking proof of proper service, we cannot conclude that the Magistrate Judge erred in finding that there was not clear and convincing evidence that the witness check was properly served on Dean. Accordingly, we overrule Achors's first objection.

**II.     Second Objection-- Denial of attorney fees incurred in the subpoenas that were associated with this Court's orders**

Achors advances two arguments against the Magistrate's Judge recommendation that while Dean should not be held liable for attorney's fees, she should be held in contempt for violating this Court's order to appear for a March 10, 2017 deposition and for a show cause hearing. Pl.'s Obj. at 3-5. Achors's arguments are as follows: 1) the Magistrate Judge erred by finding that the costs incurred by Achors's counsel could have been mitigated by using an alternative method to delivering the subpoena and check to

7

Dean at her place of business via a process server; and (2) the Magistrate Judge was incorrect in noting that Dean's testimony was not vital to Achors's case to warrant fees. Achors concludes that her request for fees for 16.1 hours' worth of work to procure Dean's deposition testimony (totaling $6,440.00) should be approved. We address each of these arguments in turn.

Achors's first argument is based on a factual inaccuracy. In her Reply in support of her Motion for Sanctions (Dkt. No. 70 at 3), she asserts that FCA refused to give her process server permission to enter the workplace to serve Dean. But the evidence she cites does not unequivocally support this conclusion. Achors highlights an email from FCA's counsel to Achors's counsel in which defense counsel indicates that "[the Defendant/Employer] also *do[es] not want* to agree to permitting a process server on site. It doesn't necessarily comport with their normal security protocols and they don't want to open that door.") (emphasis added). Pl.'s Obj., Ex. 2 at 1. Rather than foreclosing the possibility of personally serving Dean at her place of employment if, for example, appropriate security measures were taken, FCA's statement simply shows that allowing a process server to enter the workplace was not preferred. Moreover, Achors neither cites, nor did our search reveal, any authority to support the proposition that a business could deny a process server entrance. In any event, as the Magistrate Judge found, the reasonableness of requiring Dean to pay the significant sum counsel seeks is undercut by the fact that counsel failed to attempt other service methods that likely would have mitigated these costs. R&R at 10. This legal analysis is without error. Accordingly, we overrule the first portion of Achors's second objection.

.           Achors next argues that the Magistrate Judge erred in finding that Dean's participation as a witness did not factor into the outcome of Achors's case. She asserts that Dean's deposition was vital because Achors "was forced to abandon" claims relating to her termination "only after finally having the opportunity to depose Dean." Pl.'s Obj. at 4. It appears that Achors believes or believed that Dean was involved in a set-up that led to Achors's termination (after Achors had hired counsel to pursue her claims in this case), but the deposition of Dean did not reveal evidence to support that suspicion. This prompted Achors to abandon her claims relating to her termination. *See* Dkt. No. 73. The Magistrate Judge properly considered the fees relating to Dean's deposition to be disproportionatly large in light of the slim likelihood that the discovery would have been relevant. R&R at 10 n.7. Indeed, "[c]ourts have broad discretion to fashion contempt remedies and the particular remedy chosen should be 'based on the nature of the harm and the probable effect of alternative sanctions.'" *Eppley v. Iacovelli*, 2010 WL 724557, at *4 (Feb. 25, 2010) (quoting *Federal Trade Comm'n v. Trudeau*, 579 F.3d 754, 771 (7th Cir. 2009)). Because Achors has provided no other evidence or argument to demonstrate error in the Magistrate Judge's reasonable finding, we overrule the second part of her objection to the recommendation that her fees request be denied.

## Conclusion

Achors's objections to the Magistrate Judge's Report and Recommendation are OVERRULED for all of the foregoing reasons and we adopt the recommendations set forth in the Report and Recommendation. Plaintiff's Renewed Motion for Sanctions [Dkt. Nos. 61] is GRANTED IN PART and DENIED IN PART. Dean is hereby found to be in

contempt of the Court's prior orders, and Achors is awarded reasonable costs in the amount of $299.20 payable to her by Dean. Plaintiff's October 3, 2017 Motion seeking a ruling on the pending motions (Dkt. No. 75) is <u>DENIED AS MOOT</u>.

    IT IS SO ORDERED.

Date: _____12/4/2017_____             _____

                                                                       SARAH EVANS BARKER, JUDGE
                                                                       United States District Court
                                                                       Southern District of Indiana

**Distribution:**

Yvonne Dean
612 W. 6th Street
Marion, IN 46953

Amber K. Boyd
AMBER K. BOYD, ATTORNEY AT LAW
amber@amberboydlaw.com

John H. Haskin
JOHN HASKIN & ASSOCIATES
jhaskin@jhaskinlaw.com

Michael W. Padgett
JACKSON LEWIS PC
padgettm@jacksonlewis.com

Melissa K. Taft
JACKSON LEWIS PC
Melissa.taft@jacksonlewis.com